## Klugh's License

*Horace A. Segelbaum,* Deputy Attorney General, and *Claude T. Reno,* Attorney General, for Commonwealth. *Bailey & Rupp,* for appellant.

WICKERSHAM, J., June 6, 1939.—This case comes before us on an appeal by Aaron D. Klugh from the refusal of the Pennsylvania Liquor Control Board to issue to him a restaurant liquor license for premises 236 Second Street, in the Borough of Highspire, Dauphin County.

Appellant filed with the board an application for a restaurant liquor license for the license year beginning February 1, 1939, and ending January 31, 1940, under the provisions of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as reënacted and amended by the Act of June 16, 1937, P. L. 1762, 47 PS §744, and the regulations promulgated by the board, for the aforesaid premises. He held a retail beverage license for the same premises for the license year ending January 31, 1939, which he did not ask to have renewed.

The board, after hearing upon the application, refused the retail liquor license on February 23, 1939, because the premises proposed to be licensed are within 300 feet of a church and a protest was filed by the church against the issuance of the license. From the board's order of refusal the applicant appealed to this court.

The only question to be determined is whether or not the place proposed to be licensed is within 300 feet of a church.

The Pennsylvania Liquor Control Act of 1937, sec. 403, 47 PS §744-403, provides, inter alia, as follows:

"Provided, however, That, in the case of any new license, or the transfer of any license to a new location, the board may, in its discretion, grant or refuse such new license or transfer if such place, proposed to be licensed, is within three hundred feet of any church, hospital, charitable institution, school or public playground, or if such new license or transfer is applied for a place where the principal business is the sale of liquid fuels and oil."

This provision of the act does not establish any method for measuring the distance of 300 feet, and therefore, under the power conferred upon the board to adopt rules and regulations to carry into effect the provisions of the act, it adopted a rule for such measurements, which rule was offered in evidence as Commonwealth's exhibit no. 1, and provides as follows:

"A straight line shall be extended to the curb or street line at a point directly opposite the patrons' entrance door of the building, proposed to be licensed, or in which are located the room or rooms proposed to be licensed, said entrance door to be the one nearest the church, school, etc., and in the event the building proposed to be licensed has more than one patrons' entrance door, then the line shall be extended to a point on the curb or street line directly opposite the nearest entrance door of the said building to the church, school, etc. From the point thus established on the curb or street line, hereinafter referred to as the 'fixed point', the distance of 300 feet shall be measured.

"Except as hereinafter provided, the distance from a church, Sunday School, hospital or charitable institution shall be measured in an air line from the fixed point to a

point on the curb or street line, directly opposite the end of any such building (whether erected upon or back from the property line), nearest the fixed point, and if the two points are on opposite sides of the same street, then the measurement shall be made in an air line between such points.

"In the event the respective buildings are situate on different streets, then the measurements shall be made in an air line from the fixed point on the one street to the line of the intersection of the two streets nearest the other building or playground, and thence in an air line on the other street to the point established thereon in the manner hereinbefore stated.

"All measurements shall be made along public streets, roads or highways."

The legality of the rule is not questioned in this proceeding, but appellant contends that under the rule the measurement should have been made from the front entrance of the premises proposed to be licensed and not from the side entrance.

Counsel for the applicant agrees that the premises to be licensed have two entrances: one on Second Street, which is 397 feet from the church, and the other, a side entrance, which is less than 300 feet from the church if the measurement is made across the back of appellant's premises instead of from the front. He has also agreed that objection had been filed with the board due to the premises being within 300 feet of a church if the measurements from the back of his premises are used, and that two witnesses would so testify.

It is the contention of the board that, since the side entrance to the applicant's establishment is a patrons' entrance, a line should be drawn from this entrance to the curb on the street nearest the church in order to establish the "fixed point" from which the measurement is to be made, to the point on the curb opposite the nearest end of the church, as provided in the board's rule; that in the

instant case the line was not drawn from the patrons' side entrance to a point on the curb of the street directly opposite said entrance because it was impossible to reach a street or curb without crossing private property not owned by the applicant; that the board's rule requires all measurements to be made along public streets, roads or highways; and that the situation that exists here was not contemplated by the board when it adopted its rule for measurements, as ordinarily the side entrance used by patrons of a restaurant or licensed establishment opens on or leads directly to a street opposite the said entrance.

It is further contended by the board that a reasonable construction must be given to the said rule in order to accomplish its purpose and the purpose of the provisions of the Pennsylvania Liquor Control Act; and since the side entrance can be used by patrons of this establishment for ingress and egress over appellant's land from either Second or Broad Street, and the men's lavatory is nearest to such entrance, it would be unreasonable to establish the fixed point for measurement on Second Street, which is farther from the church than the side entrance; and that this is especially so as there is no gate or fence at the rear of appellant's lot to keep patrons from coming into his establishment from Broad Street if they so desire.

The board's investigation officer testified that the premises proposed to be licensed front on Second Street and appellant owns straight through from Second Street to Broad Street; that there are eight feet of open space between his building line and the adjoining lot on the south; there are three entrances to the premises, one in front on Second Street, one on the side, and one in the rear; there is no barrier to prevent patrons from entering the premises from Second or Broad Street; the measurement was made from the entrance nearest the church in accordance with the board's rule for measurements, and

the distance is 113 feet to St. Peter's Lutheran Church and 101 feet to a public school; this measurement was made from a point on the curb of Broad Street opposite the rear entrance to appellant's premises, but measuring from the side door or entrance and taking a point on the curb of Broad Street directly opposite such door or entrance, which would be merely following the building line to Broad Street, the distance would be a little closer to the church and a little farther from the school.

The applicant admitted that in order to get from the patrons' side entrance to the public highway and stay on his land, one would have to go either to Second or Broad Street.

We are of opinion that inasmuch as there is testimony indicating patrons can enter appellant's establishment from Broad Street if they so desire, and as there is no street or curb directly opposite the patrons' entrance on the side of appellant's premises from which measurement could be made, the board's rule for measuring distances is reasonable, and under said rule the place here proposed to be licensed is within 300 feet of St. Peter's Lutheran Church and a public school, *and that the board properly exercised its discretion in refusing the license.*

In view of the fact that there is "no curb or street line at a point directly opposite the patrons' entrance door" of appellant's premises from which measurement can be made, we think we must construe liberally this provision of the rules of the board for measuring distances; and, as there are no fences or barriers around appellant's property to keep patrons from entering the premises from Broad Street, that the board was justified in using this street as the "fixed point" for making the measurements.

And now, June 6, 1939, we sustain the order of the Liquor Control Board refusing the restaurant liquor license for premises 236 Second Street, Highspire, Pa., and the appeal of the applicant, Aaron D. Klugh, is dismissed at his cost.